1  Philip Christian Bikle

2  1616 South Varna Street

3  Anaheim, California [92804]

4  Phone: (301) 802-9953

5  Plaintiff in Pro Per

6

7

8

9                         United States District Court

10                       Central District Court of California

11                                Western Division

12

13  Philip C. Bikle

14              Plaintiff,

15  v

16

17  Doe1-9, in individual capacities;                      ) Case No.:

18  Traffic supervisor, "Martha", in her individual capacity;   ) **COMPLAINT**

19  Commissioner Michael Pearce, in his individual capacity   ) **42 U.S.C. § 1983 & § 1985(3)**

20  Judge Deborah Sanchez, in her individual capacity;      )

21  Superior Court of the State of California at Bellflower;   ) **JURY TRIAL DEMANDED**

22              Defendants                                   )

23

24

25

26

27

28

                                              Complaint                    1



1

## COMPLAINT

2

3       Now comes the PLAINTIFF Philip Christian Bikle, who requests a preventive injunction

4   against the Defendants to halt on-going wrongs against the public in Los Angeles County and

5   who sues the Defendants for money damages and who states:

6

7

## SUMMARY OF THE ACTION

8

9   1.      The Plaintiff was presented with false information, under fraudulent pretenses, and

10          deprived of his Due Process Rights and Equal Protection of the laws by employees of the

11          Superior Court of California, at Bellflower, in Los Angeles County. These same concerns

12          happen to be a part of an on-going and systematic deprivation of the rights of members of

13          the public in said county.

14  2.      This action arises after Plaintiff's claims for damages were denied, even though the

15          alleged charges against him were dismissed by Court Order, and the Los Angeles County

16          office of RISK Management failed to acknowledge the blatant violations of the Plaintiff's

17          rights, which the Plaintiff has discovered, via public records, extends to the general

18          members of public who go to said courthouse on alleged traffic violations.

19

20

## JURISDICTION & VENUE

21

22  3.      This is an action at law under 42 U.S.C. § 1983 and the laws of the State of

23          California to redress the deprivation under color of state law of rights, privileges and

24          immunities secured to the Plaintiff by the Constitutions of the United States and the State

25          of California.

26  4.      The venue is proper pursuant to 28 U.S.C. § 1391(b), as all of the parties live, or operate,

27          within this district.

28  5.      All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Los

1    Angeles County, California. The time provided for in the statute of limitations for filing

2    personal damages has not expired. The aforementioned acts have had significant effects

3    in California.

4    6.    Plaintiff brings this action pursuant to 42 U.S.C. §1983, §1985, and §1986 and the

5    Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and this

6    jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a) (3) and (4).

7    7.    Plaintiff further invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C.

8    §1367(a) to hear and decide claims arising under State law.

9    8.    Any State causes of action arising out of the deprivation of the Federal civil rights

10   alleged herein are properly before this Court pursuant to the pendant jurisdiction of this

11   Court.

12

13                          **INTRADISTRICT ASSIGNMENT**

14

15   9.    The entirety of the events complained of herein occurred in Los Angeles County,

16   California, and this action is properly assigned to the Los Angeles Division of the United

17   States District Court for the Central District of California.

18

19                                    **PARTIES**

20

21   10.   Does 1 through 9 are employed at the Superior Court of California in the city of

22   Bellflower, County of Los Angeles, State of California.

23   11.   Traffic supervisor, "Martha" is employed at the Superior Court of California in the city of

24   Bellflower, County of Los Angeles, State of California.

25   12.   Commissioner Michael Pearce is employed at the Superior Court of California in the city

26   of Bellflower, County of Los Angeles, State of California.

27   13.   Judge Deborah Sanchez is employed at the Superior Court of California in the city of

28   Bellflower, County of Los Angeles, State of California.

14. The Superior Court of California in the city of Bellflower, County of Los Angeles, State of California employs the aforementioned Defendants.

**General factual allegations**

15. Court employee Doe1, filed the notice to appear, Y214682, as a criminal complaint, on an unknown date and time, in between January 1, 2012 and February 27, 2012.

16. The notice to appear was signed by Officer A. Santos, of the Los Angeles Sheriff's Department, at Lakewood Station.

17. Officer Santos is not licensed to practice law.

18. Officer Santos is not authorized, by California law, to initiate criminal prosecution in the name of the People of the State of California.

19. Doe1 caused a notice to be mailed to Plaintiff on February 27, 2012 which indicated that a mandatory appearance was required.

20. On April 25, 2012 Document #2001, an informal request for discovery to the District Attorney's office at Bellflower, was delivered via USPS (Delivery confirmation receipt #0310264000013550554).

21. On May 3, 2012 Bikle filed Document #1000 Version 1.000 titled, "Motion to quash for lack of a Verified Complaint".

22. Bikle proposed a venue to the Court of June 6, 2012, at 1:00PM, in Department 001.

23. A court employee, Doe2, failed to schedule an appearance date for Document #1000 Version 1.000.

24. If Doe2 scheduled an appearance date for Document #1000 Version 1.000, then Doe2 failed to provide Notice to Bikle.

25. On May 3, 2012 Bikle filed Document #1001 Version 1.000 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license".

26. Bikle proposed a venue to the Court of June 6, 2012, at 1:00PM, in Department 001.

27. A court employee, Doe3, failed to schedule an appearance date for Document #1001 Version 1.000.

28. If Doe3 scheduled an appearance date for Document #1001 Version 1.000, then Doe3 failed to provide Notice to Bikle.

29. On May 11, 2012 Document #2002, an informal request for discovery, was hand delivered to the District Attorney's Office at Bellflower.

30. On May 11, 2012 Bikle filed Document #1000 Version 1.001 titled, "Motion to quash for lack of a Verified Complaint".

31. Bikle proposed a venue to the Court of June 6, 2012, at 1:00PM, in Department 001.

32. A court employee, Doe4, failed to schedule an appearance date for Document #1000 Version 1.001.

33. If Doe4 scheduled an appearance date for Document #1000 Version 1.001, then Doe4 failed to provide Notice to Bikle.

34. On May 11, 2012 Bikle filed Document #1001 Version 1.001 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license".

35. Bikle proposed a venue to the Court of June 6, 2012, at 1:00PM, in Department 001.

36. A court employee, Doe5, failed to schedule an appearance date for Document #1001 Version 1.001.

37. If Doe5 scheduled an appearance date for Document #1001 Version 1.001, then Doe5 failed to provide Notice to Bikle.

38. On June 1st, 2012 Bikle attempted to file a peremptory challenge against Commissioner Michael Pearce. A female court employee, Doe6, refused to file my peremptory challenge around 2:20pm.

39. Bikle made an appearance at Bellflower Courthouse on June 6, 2012. Bikle did not find his name on the list of scheduled appearances posted outside of Department 001. Bikle filed 1 original written peremptory challenge with the Bellflower Courthouse and Bikle kept 1 original written peremptory challenge that had been stamped as received by the court, on June 6, 2012, before the proposed hearing time of 1:00PM, as Bikle did not

know if a hearing would be held since two separate Deputy Clerks of Court had specifically told him that they did not have him scheduled for any thing other than an arraignment on August 1, 2012. Bikle was told by the first Deputy Clerk that he could go into Department 001 but that he would not be heard with out being scheduled.

40. On June 7, 2012 Traffic Supervisor "Martha" issued process in the form of a "correspondence inquiry" to Commissioner Michael Pearce.

41. This correspondence inquiry indicates that the Plaintiff was requesting "motion to quash & hearing for 6-6-12". The correspondence inquiry did not indicate that Plaintiff had provided a stipulation to have his matters heard before Commissioner Pearce. In addition, there was no mention of Plaintiff's motion to dismiss on the grounds that the Peace Officer and Clerk of Court were practicing law with out a license. Martha indicated that the alleged defendant failed to appear on June 6, 2012. The correspondence inquiry also indicates that Commissioner Pearce denied the motion to quash on June 7, 2012.

42. Commissioner Pearce was not authorized by law to deny the motion to quash.

43. Pursuant to the California State Constitution Article 6 Section 21, Commissioner Pearce had not obtained a stipulation from Bikle at the time of his action.

44. On June 11, 2012 Document #2005, notice of peremptory challenge was mailed to the Bellflower District Attorney's office.

45. On June 27, 2012 Document #1007v1.001, was mailed to the Bellflower District Attorney's office (Delivery confirmation receipt #70101870000123965129).

46. On June 29, 2012 Document #2003, a third informal request for discovery to the District Attorney's office at Bellflower, was delivered via United States Postal Service(USPS) (Delivery confirmation receipt #70111500001130464075).

47. On July 7, 2012 copies of a petition for a writ of Mandate and a writ of Prohibition, were served via USPS to the following: Stanley Mosk Courthouse (Certified Mail receipt #70101870000123970659), Bellflower Courthouse (Certified Mail receipt #70101870000123970673), Commissioner Michael Pearce (Certified Mail receipt #70101870000123970666). A return receipt was also provided to Bikle from the USPS for each copy mailed.

Complaint                                                          6

48.  On July 10, 2012 Bikle mailed a request for discovery materials to Santos. Bikle did not get a response.

49.  After several weeks Bikle had no word from the Stanley Mosk Courthouse on the status of his petition. On July 16th, 2012, following many phone calls, Bikle was informed, around 1:30pm to 2:30pm, that his petition could not be located and it was considered "lost". Bikle spoke to a Nancy and her supervisor Kathy regarding this matter. Doe7 was responsible for these documents.

50.  On July 18, 2012 Document #2006, a fourth informal request for discovery to the District Attorney's office at Bellflower, was delivered via United States Postal Service (USPS) (Delivery confirmation receipt #70111150000130464112).

51.  On July 27, 2012 Document #1007, a notice of a motion to compel discovery was served on the District Attorney's office at Bellflower via USPS (Delivery confirmation receipt #70101870000123965136).

52.  On August 1, 2012, Bikle appeared at Bellflower Courthouse, 1PM, in department 001.

53.  At this time, Commissioner Pearce failed to produce the peremptory challenge, described earlier, from the case file.

54.  Doe8 did one of the following things to the peremptory challenge, which resulted in Pearce's failure to produce the filed peremptory challenge: Steal, remove, or secrete; Destroy, mutilate, or deface; Alter or falsify. Bikle does not currently have enough facts to determine which of the listed actions occurred to result in the absence of the peremptory challenge from the case file, but it is clear that one of the actions must have taken place, as the record could not be found.

55.  On August 1, 2012 Bikle appeared at Bellflower Courthouse, in Department 006. This appearance was the result of disqualifying Commissioner Pearce. Before Bikle's case file was transferred from Department 001 Bikle had a discussion with Judge Sanchez, which was not on the record. During this discussion Bikle indicated concern about getting a ruling on the motion to dismiss and that the motion to quash denial was done with out authority. When Bikle's case file arrived Judge Sanchez excused herself so that she could read over it. She came back within 20 minutes, at which point the record started.

56. Bikle was exhausted due to only getting about 5 hours of sleep the night before as a result of anxiety and pain. Bikle was also in extreme pain at this appearance.

57. Judge Sanchez immediately asked if Bikle wanted to plead not guilty when the record started.

58. Judge Sanchez did not rule on the Document #1001 Version 1.001 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license" before jumping ahead to ask for a plea. Judge Sanchez did not rule on the Document #1001 Version 1.001 during the first, second, third, or fourth appearances of Bikle.

59. On August 1, 2012 Bikle requested for a copy of the verified complaint pursuant to California Penal Code 988.

60. Judge Sanchez gave the non-responsive comment, "The judicial counsel form is an appropriate method to charge you with the vehicle code sections. So what  plea did you want to enter?" and changed the subject by asking what plea I wanted to enter. Judge Sanchez did not provide Bikle with a copy of the alleged complaint upon my request.

61. Bikle was exhausted and requested another week to respond.

62. Judge Sanchez did not dismiss the case on any of the occasions that Bikle raised oral argument regarding the points contained within Document #1001 Version 1.001.

63. Bikle made numerous attempts to get the case dismissed as there had clearly been no initiation of prosecution by an individual who was authorized to initiate criminal proceedings in the name of the People of the State of California.

64. On August 4, 2012, Document 1009v1.000, titled "A verified statement of objection to further hearings or trials before Judge Deborah L. Sanchez", was filed via USPS with the Clerk in department 006 (Certified Mail #70101870000123965150).

65. On August 6, 2012 Bikle physically went to the Stanley Mosk Courthouse to file original copies of the "lost" documents.

66. On August 6, 2012, Bikle had JPL Process Service, serve copies of Document #1009 Version 1.000, titled "Verified Statement of objection to further hearings or trials before Judge Deborah L. Sanchez (CCP 170.3(c)(1))", upon Judge Sanchez, in response to

1    Judge Sanchez's refusal to recuse herself and her passing upon her own disqualification

2    or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification

3    filed by Plaintiff.

4    67.  10 days after the filing of Document #1009 Version 1.000, Judge Sanchez failed to file a

5    consent or answer. Doe9, the clerk with whom a copy was filed, by USPS, failed to

6    notify the presiding judge or person authorized to appoint a replacement of the recusal as

7    provided in subdivision (a) of California Code of Civil Procedure 170.3.

8    68.  On August 7, 2012 Judge Sanjay T. Kumar, Judge Patti J. McKay, and Judge Alex

9    Ricciardulli issued an order, for case # BS 138850, denying petition for writ of mandate.

10   69.  On August 8, 2012, Judge Sanchez attempted to get Bikle to be a witness against himself.

11   70.  On August 13, 2012 Bikle contacted a clerk at Stanley Mosk Courthouse to determine the

12   status of his petition. Bikle learned that the clerk had failed to provide him with prompt

13   notice of the decision made at paragraph 68.

14   71.  On August 14th, 2012 Bikle told Judge Sanchez that he had correspondences with

15   Deputy District Attorney Mario Trujillo that stated there had been no initiation of

16   prosecution. Judge Sanchez indicated that the correspondences were not in the court

17   records for her to review; however, the court records at no point included a complaint

18   filed by an individual authorized to initiate criminal proceedings in the name of the

19   People of the State of California. This should have been more than enough evidence to

20   have dismissed the case on the first appearance, as these procedural deficits where clearly

21   laid forth in Document #1001 Version 1.001 titled, "Motion to dismiss on the grounds

22   that the Peace Officer and Clerk of Court are practicing law without a license", which

23   was filed nearly 3 months before Bikle's initial arraignment. On August 21, 2012 Bikle

24   filed Document #1013 Version 1.000, which reiterated the issue of the failure to initiate

25   prosecution, amongst other pertinent failures in following the California Codes. The case

26   was finally dismissed, but none of the proposed orders which Bikle had included with

27   Document #1001 Version 1.001 and Document #1013 Version 1.000 were used. Both of

28   which indicated that the prosecuting attorney had not initiated prosecution.

Complaint                    9

72. Judge Sanchez knew that there was no Prosecutor handling the case and said so on August 14, 2012. The case was not dismissed at that moment, as it should have been.

73. On August 14, 2012, Judge Sanchez attempted to get Bikle to be a witness against himself again.

74. On August 14, 2012 Bikle requested again for copy of the verified complaint pursuant to Penal Code 988. He still was not given a copy by the court. Bikle was never given a copy of the verified complaint, at arraignment, by the court.

75. A carbon copy of a notice to appear is not an exact duplicate of an alleged complaint filed with the court because as Judge Sanchez indicated, "They usually record those on the back of the citation.", in reference to additional allegations by a peace officer.

76. On August 21, 2012 Judge Sanchez dismissed the last of the alleged charges in the alleged complaint.

77. At no point in time did the record contain evidence of a final agency determination in regards to the contested issue of the right to travel and property use rather than the alleged operation of a motor vehicle.

78. The jurisdiction of the court was not invoked, at any time, by an individual authorized to initiate criminal proceedings in the name of the People of the State of California.

79. On September 24, 2012 Document #2010 arrived at Bellflower Courthouse requesting official video/audio recordings of all of the appearances by Bikle.

80. On October 2, 2012 a distinctly different Document #2010 was sent to Sheriff Leroy Baca to clarify the LASD policies with processing traffic citations.

81. On October 23, 2012, as I was en route to hand deliver my claim with the appropriate government office, Sergeant Suarez from Lakewood Station contacted about my inquiry regarding policies for the handling of Notices to Appear. He said the District Attorney is not involved at all in traffic matters. He said the arresting officer sends the Notice To Appear (NTA) to traffic investigators. The traffic investigators make a copy of the NTA and send the copy to the court.

82.  In October 2012 Document #2011 was mailed to the court reporter for Department 006.

83.  On November 8, 2012 Document #2012 was mailed to the Appellate Division of  the Superior Courts of Los Angeles County inquiring into transcripts for the proceedings.

84.  Bikle did not receive a response to his inquiry in paragraph 83.

85.  On April 17, 2013 Bikle mailed a records request to the Records department of Bellflower Courthouse via U.S. Postal Service Certified Mail #70093410000208866211. There was no response from the records department

86.  On April 30, 2013 Bikle mailed a second request for the records and reminder to the Records department of Bellflower Courthouse via U.S. Postal Service Certified Mail #70093410000208866204. There was no response from the records department.

**COUNT I:**     **CLAIM OF PHILIP BIKLE AGAINST DEFENDANT DOE1 FOR VIOLATION OF THE PLAINTIFF'S FIFTH AMENDMENT RIGHTS (DUE PROCESS)**

87.  Plaintiff re-alleges and restates paragraphs 1 through 86 as if fully set forth herein.

88.  At the time that an unauthorized alleged criminal complaint was filed against him and he was given a notice for a mandatory appearance at the Bellflower Courthouse, Plaintiff Philip Bikle had the Constitutional Rights, pursuant to the 5th Amendment to the United States Constitution, to be free from deprivation of liberty without due process of law. This right was a clearly established right during both incidents.

89.  In between January 1, 2012 and February 27, 2012, while acting under color of state law, Doe1 committed acts which constituted causing the initiation of court proceedings upon an unlawful alleged criminal complaint and causing a notice of mandatory appearance to be issued to the Plaintiff. Doe1 represented to the Plaintiff that criminal prosecution had been initiated and that an appearance on the Plaintiff's part was mandatory. Doe1's representation was false. Doe1 knew that the representation was false when Doe1 made it and Doe1 made the representation recklessly and without regard for the truth. Doe1

1    intended that Plaintiff rely on the representation. Doe1 caused this information to be

2    conveyed through the United States Postal Service (USPS) on February 27, 2012, in

3    violation of 18 U.S.C. 1341. Plaintiff reasonably relied on Doe1's representation.

4    90.    Doe1 therefore violated the clearly established Fifth Amendment rights of the plaintiff

5    against deprivation of liberty without due process of law.

6    91.    As a direct result thereof, Plaintiff was caused to suffer the following injuries and

7    damages:

8    (a) Physical pain and suffering, including but not limited to exacerbation of preexisting

9    conditions;

10   (b) Emotional pain and suffering, including but not limited to stress and anxiety;

11   (c) A substantial loss of the enjoyment of life;

12   (d) humiliation;

13   (e) impairment of relationships;

14   (f) Insomnia and nightmares;

15   (g) Chronic headaches;

16   (h) Development of fears and phobias;

17

18   **COUNT II:        CLAIM OF PHILIP BIKLE AGAINST DOE1 FOR VIOLATION**

19   **OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT**

20   **TO 42 U.S.C. SECTION 1983 (DUE PROCESS)**

21

22   92.    Plaintiff re-alleges and restates paragraphs 1 through 91 as if fully set forth herein.

23   93.    At the time that an unauthorized alleged criminal complaint was filed against him and he

24   was given a notice for a mandatory appearance at the Bellflower Courthouse, Plaintiff

25   Philip Bikle had the Constitutional Rights, pursuant to the 14th Amendment to the United

26   States Constitution, to be free from deprivation of liberty without due process of law.

27   This right was a clearly established right during both incidents.

28   94.    In between January 1, 2012 and February 27, 2012, while acting under color of state law,

     Doe1 committed acts which constituted causing the initiation of court proceedings upon

                                                          Complaint                    12

an unlawful alleged criminal complaint and causing a notice of mandatory appearance to be issued to the Plaintiff.

95. Doe1 violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law.

96. As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

97. The Officer's actions are the result of the custom, policy and practice of failing to properly hire, train, and supervise its police officers, as well as the deliberate indifference to, and failure to take action to stop, the widespread and on-going practice of arresting individuals and searching their persons and property without probable cause by the police officers of the Los Angeles Sheriffs Department for the County of Los Angeles.

**COUNT III:  CLAIM OF PHILIP BIKLE AGAINST DEFENDANT DOE2 FOR VIOLATION OF THE PLAINTIFF'S FIFTH AMENDMENT RIGHTS (DUE PROCESS)**

98. Plaintiff re-alleges and restates paragraphs 1 through 97 as if fully set forth herein.

99. In between May 3, 2012 and June 6, 2012, while acting under the color of state and local law, Doe2 knowingly deprived Plaintiff of his 5th Amendment rights by failing to

Complaint                                    13

1    schedule and issue notice for a hearing on a motion, namely Document #1000 Version

2    1.000   titled, "Motion to quash for lack of a Verified Complaint".

3  100.    As a direct result thereof, Plaintiff was caused to suffer the following injuries and

4    damages:

5    (a) Physical pain and suffering, including but not limited to exacerbation of preexisting

6        conditions;

7    (b) Emotional pain and suffering, including but not limited to stress and anxiety;

8    (c) A substantial loss of the enjoyment of life;

9    (d) humiliation;

10    (e) impairment of relationships;

11    (f) Insomnia and nightmares;

12    (g) Chronic headaches;

13    (h) Development of fears and phobias;

14  101.    The omissions of Doe2 constituted failure to schedule and issue notice for a hearing on a

15    motion which violated the clearly established right of the Plaintiff to not be deprived of

16    liberty with out due process, which is protected by the 5th Amendment.

17

18  **COUNT IV:**        **CLAIM OF PHILIP BIKLE AGAINST DOE2 FOR**

19          **VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT**

20          **RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE**

21          **PROCESS)**

22

23  102.    Plaintiff re-alleges and restates paragraphs 1 through 101 as if fully set forth herein.

24  103.    At the time that Plaintiff had proposed a hearing for Document #1000 Version 1.000

25    titled, "Motion to quash for lack of a Verified Complaint", specifically June 6, 2012 at

26    1:00pm in Department 001, Plaintiff did not find his name posted on the roster of

27    scheduled appearances outside of Department 001, in the Bellflower Courthouse. In

28    addition, when Plaintiff inquired with a clerk at the traffic window, the clerk indicated

    that Plaintiff had only been scheduled for an Arraignment on August 1, 2012. Plaintiff's

Complaint                    14

attempt to mitigate damages as a result of unlawful prosecution and invocation of court jurisdiction were thwarted by Doe2 through failing to schedule the motion hearing. Plaintiff Philip Bikle had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law. This right was a clearly established right during both incidents.

104.   In between May 3, 2012 and June 6, 2012, while acting under color of state law, Doe2 omitted acts, namely scheduling a motion hearing and providing notice thereof, which constituted a deprivation of Plaintiff's right to due process.

105.   Doe2 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law.

106.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT V:    CLAIM OF PHILIP BIKLE AGAINST DEFENDANT DOE3 FOR VIOLATION OF THE PLAINTIFF'S FIFTH AMENDMENT RIGHTS (DUE PROCESS)**

107.   Plaintiff re-alleges and restates paragraphs 1 through 106 as if fully set forth herein.

Complaint                                    15

108. In between May 3, 2012 and June 6, 2012, while acting under the color of state and local law, Doe3 knowingly deprived Plaintiff of his 5th Amendment rights by failing to schedule and issue notice for a hearing on a motion, namely Document #1001 Version 1.000 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license".

109. As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

   (a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

   (b) Emotional pain and suffering, including but not limited to stress and anxiety;

   (c) A substantial loss of the enjoyment of life;

   (d) humiliation;

   (e) impairment of relationships;

   (f) Insomnia and nightmares;

   (g) Chronic headaches;

   (h) Development of fears and phobias;

110. The omissions of Doe3 constituted failure to schedule and issue notice for a hearing on a motion which violated the clearly established right of the Plaintiff to not be deprived of liberty with out due process, which is protected by the 5th Amendment.

**COUNT VI:        CLAIM OF PHILIP BIKLE AGAINST DOE3 FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS)**

111. Plaintiff re-alleges and restates paragraphs 1 through 110 as if fully set forth herein.

112. At the time that Plaintiff had proposed a hearing for Document #1001 Version 1.000 titled, "Motion to dismiss on  the grounds that the Peace Officer and Clerk of Court are practicing law without a license", specifically June 6, 2012 at 1:00pm in Department 001,

1    Plaintiff did not find his name posted on the roster of scheduled appearances outside of

2    Department 001, in the Bellflower Courthouse. In addition, when Plaintiff inquired with a

3    clerk at the traffic window, the clerk indicated that Plaintiff had only been scheduled for

4    an Arraignment on August 1, 2012. Plaintiff's attempt to mitigate damages as a result of

5    unlawful prosecution and invocation of court jurisdiction were thwarted by Doe3 through

6    failing to schedule the motion hearing. Plaintiff Philip Bikle had the Constitutional

7    Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C.

8    1983, to be free from deprivation of liberty without due process of law. This right was a

9    clearly established right during both incidents.

10   113.   In between May 3, 2012 and June 6, 2012, while acting under color of state law, Doe3

11          omitted acts, namely scheduling a motion hearing and providing notice thereof, which

12          constituted a deprivation of Plaintiff's right to due process.

13   114.   Doe3 therefore violated the clearly established Fourteenth Amendment rights of the

14          plaintiff against deprivation of liberty without due process of law.

15   115.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and

16          damages:

17          (a) Physical pain and suffering, including but not limited to exacerbation of preexisting

18                 conditions;

19          (b) Emotional pain and suffering, including but not limited to stress and anxiety;

20          (c) A substantial loss of the enjoyment of life;

21          (d) humiliation;

22          (e) impairment of relationships;

23          (f) Insomnia and nightmares;

24          (g) Chronic headaches;

25          (h) Development of fears and phobias;

26

27

28

**COUNT VII: CLAIM OF PHILIP BIKLE AGAINST DEFENDANT DOE4 FOR**

**VIOLATION OF THE PLAINTIFF'S FIFTH AMENDMENT**

**RIGHTS (DUE PROCESS)**

116.   Plaintiff re-alleges and restates paragraphs 1 through 115 as if fully set forth herein.

117.   In between May 11, 2012 and June 6, 2012, while acting under the color of state and local law, Doe4 knowingly deprived Plaintiff of his 5th Amendment rights by failing to schedule and issue notice for a hearing on a motion, namely Document #1000 Version 1.001  titled, "Motion to quash for lack of a Verified Complaint".

118.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

119.   The omissions of Doe4 constituted failure to schedule and issue notice for a hearing on a motion which violated the clearly established right of the Plaintiff to not be deprived of liberty with out due process, which is protected by the 5th Amendment.

**COUNT VIII:**          **CLAIM OF PHILIP BIKLE AGAINST DOE4 FOR**

**VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT**

**RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE**

**PROCESS)**

120.   Plaintiff re-alleges and restates paragraphs 1 through 119 as if fully set forth herein.

121.   At the time that Plaintiff had proposed a hearing for Document #1000 Version 1.001 titled, "Motion to quash for lack of a Verified Complaint", specifically June 6, 2012 at 1:00pm in Department 001, Plaintiff did not find his name posted on the roster of scheduled appearances outside of Department 001, in the Bellflower Courthouse. In addition, when Plaintiff inquired with a clerk at the traffic window, the clerk indicated that Plaintiff had only been scheduled for an Arraignment on August 1, 2012. Plaintiff's attempt to mitigate damages as a result of unlawful prosecution and invocation of court jurisdiction were thwarted by Doe4 through failing to schedule the motion hearing. Plaintiff Philip Bikle had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law. This right was a clearly established right during both incidents.

122.   In between May 11, 2012 and June 6, 2012, while acting under color of state law, Doe4 omitted acts, namely scheduling a motion hearing and providing notice thereof, which constituted a deprivation of Plaintiff's right to due process.

123.   Doe4 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law.

124.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

Complaint                    19

**COUNT IX:   CLAIM OF PHILIP BIKLE AGAINST DEFENDANT DOE5 FOR**
**VIOLATION OF THE PLAINTIFF'S FIFTH AMENDMENT**
**RIGHTS (DUE PROCESS)**

125.   Plaintiff re-alleges and restates paragraphs 1 through 124 as if fully set forth herein.

126.   In between May 11, 2012 and June 6, 2012, while acting under the color of state and local law, Doe5 knowingly deprived Plaintiff of his 5th Amendment rights by failing to schedule and issue notice for a hearing on a motion, namely Document #1001 Version 1.001 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license".

127.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

128.   The omissions of Doe5 constituted failure to schedule and issue notice for a hearing on a motion which violated the clearly established right of the Plaintiff to not be deprived of liberty with out due process, which is protected by the 5th Amendment.

**COUNT X:   CLAIM OF PHILIP BIKLE AGAINST DOE5 FOR VIOLATION**
**OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT**
**TO 42 U.S.C. SECTION 1983 (DUE PROCESS)**

129. Plaintiff re-alleges and restates paragraphs 1 through 128 as if fully set forth herein.

130. At the time that Plaintiff had proposed a hearing for Document #1001 Version 1.001 titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license", specifically June 6, 2012 at 1:00pm in Department 001, Plaintiff did not find his name posted on the roster of scheduled appearances outside of Department 001, in the Bellflower Courthouse. In addition, when Plaintiff inquired with a clerk at the traffic window, the clerk indicated that Plaintiff had only been scheduled for an Arraignment on August 1, 2012. Plaintiff's attempt to mitigate damages as a result of unlawful prosecution and invocation of court jurisdiction were thwarted by Doe5 through failing to schedule the motion hearing. Plaintiff Philip Bikle had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law. This right was a clearly established right during both incidents.

131. In between May 11, 2012 and June 6, 2012, while acting under color of state law, Doe5 omitted acts, namely scheduling a motion hearing and providing notice thereof, which constituted a deprivation of Plaintiff's right to due process.

132. Doe5 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law.

133. As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

Complaint                                    21

**COUNT XI:   CLAIM OF PHILIP BIKLE AGAINST DOE6 FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

134.   Plaintiff re-alleges and restates paragraphs 1 through 133 as if fully set forth herein.

135.   At the time that Plaintiff had attempted to file a Peremptory Challenge against Commissioner Michael Pearce, only to have Doe6 refuse to file it, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

136.   On June 1st, 2012, while acting under color of state law, Doe6 committed an act, namely refusing to file a peremptory challenge disqualifying Commissioner Pearce, which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

137.   Doe6 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

138.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XII: CLAIM OF PHILIP BIKLE AGAINST TRAFFIC SUPERVISOR**
**"MARTHA" FOR VIOLATION OF THE PLAINTIFF'S 14th**
**AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983**
**(DUE PROCESS & EQUAL PROTECTION)**

139.   Plaintiff re-alleges and restates paragraphs 1 through 138 as if fully set forth herein.

140.   At the time that Plaintiff had appeared at Bellflower Courthouse, on June 6, 2012, in an effort to have two filed motions heard by a Judge and on the following day, June 7, 2012, when traffic supervisor "Martha" issued a Correspondence Inquiry to Commissioner Michael Pearce, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

141.   On June 7th, 2012, while acting under color of state law, traffic supervisor "Martha" committed an act, namely conveying false information that Bikle failed to appear at Bellflower Courthouse department 001. In addition, she omitted an act, namely conveying that Bikle had filed an additional motion titled, "Motion to dismiss on the grounds that the Peace Officer and Clerk of Court are practicing law without a license", which he had proposed for the same venue as the motion titled, "Motion to quash for lack of a Verified Complaint". This act and omission constituted a deprivation of plaintiff's 14th Amendment rights.

142.   Traffic supervisor "Martha" therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

143.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

Complaint                                      23

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XIII:**           **CLAIM OF PHILIP BIKLE AGAINST COMMISSIONER MICHAEL PEARCE FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

144.    Plaintiff re-alleges and restates paragraphs 1 through 143 as if fully set forth herein.

145.    At the time that Commissioner Michael Pearce denied Plaintiff's motion titled, "Motion to quash for lack of a Verified Complaint", Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

146.    On June 7th, 2012, while acting under color of state law, Pearce committed an act, namely completing a Correspondence Inquiry paper that indicated he was denying Plaintiff's motion titled, "Motion to quash for lack of a Verified Complaint". Pearce had no authority to order a denial of Plaintiff's motion.

147.    Commissioner Michael Pearce therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

148. As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XIV:          CLAIM OF PHILIP BIKLE AGAINST DOE7 FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

149. Plaintiff re-alleges and restates paragraphs 1 through 148 as if fully set forth herein.

150. At the time that Plaintiff had submitted his petition for writ of Mandate and Prohibition, only to have Doe7 allegedly "lose it", Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

151. In between July 7th and July 16th of 2012, while acting under color of state law, Doe7 committed an act, namely failure to safely keep the records that I had submitted, which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

Complaint                    25

152.   Doe7 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal 9 protection of the law.

153.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XV:  CLAIM OF PHILIP BIKLE AGAINST DOE8 FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

154.   Plaintiff re-alleges and restates paragraphs 1 through 153 as if fully set forth herein.

155.   At the time that Plaintiff had appeared in Bellflower courthouse department 001, before Commissioner Pearce, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

156.   In between June 6th and August 1st of 2012, while acting under color of state law, Doe8 committed an act, namely failure to safely keep the records that I had submitted, which

constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

157.   Doe8 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

158.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XVI:         CLAIM OF PHILIP BIKLE AGAINST COMMISSIONER MICHAEL PEARCE FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

158.1.  Plaintiff re-alleges and restates paragraphs 1 through + as if fully set forth herein.

158.2.  At the time that Plaintiff appeared at Bellflower courthouse on August 1, 2012 for the alleged case #Y214682, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

Complaint                    27

158.3.  On August 1st, 2012, while acting under color of state law, Pearce committed acts, namely treating an alleged criminal complaint filed by Officer Santos as if it was filed by someone authorized to initiate criminal proceedings, reading alleged charges from the alleged criminal complaint to Bikle, and then attempting to get Bikle to stand under the alleged charges, followed by entering a plea. The jurisdiction of the court had not been invoked to lawfully handle any allegations against Bikle. Pearce knew this and intentionally attempted to create an air of legitimacy in the proceedings intended to extract money from Bikle. Pearce attempted repeatedly to convince Bikle that he could not use California Civil Code 170.6 because it was a "traffic court". Bikle managed to stand his ground and Pearce finally acknowledged his disqualification. Bikle witnessed Pearce perform similar actions to any where between 35-50 people during that session.

158.4.  As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XVII:**          **CLAIM OF PHILIP BIKLE AGAINST DOE9 FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

159.    Plaintiff re-alleges and restates paragraphs 1 through 158 as if fully set forth herein.

160. At the time, August 4, 2012,  that Plaintiff had filed Document #1009 Version 1.000, titled "Verified Statement of objection to further hearings or trials before Judge Deborah Sanchez (CCP 170.3(c)(1))" and waited for consent or an answer, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

161. 10 days after the filing of Document #1009 Version 1.000, while acting under color of state law, Doe9 omitted an act, namely to notify the presiding judge or person authorized to appoint a replacement of the recusal as provided in subdivision (a) of California Code of Civil Procedure 170.3., which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

162. Doe9 therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

163. As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XVIII:**      **CLAIM OF PHILIP BIKLE AGAINST JUDGE DEBORAH SANCHEZ FOR VIOLATION OF THE PLAINTIFF'S 14th**

## AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983
## (DUE PROCESS & EQUAL PROTECTION)

164.   Plaintiff re-alleges and restates paragraphs 1 through 163 as if fully set forth herein.

165.   At the time that Plaintiff had appeared in Bellflower courthouse department 006, before Judge Sanchez, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

166.   On August 1st of 2012, while acting under color of state law, Judge Sanchez committed an act, namely attempting to arraign Bikle with out the jurisdiction of the court being invoked by the filing of a criminal complaint by one who is authorized by law to initiate criminal prosecution, which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

167.   Judge Sanchez therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

168.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XIX:**     **CLAIM OF PHILIP BIKLE AGAINST JUDGE DEBORAH**

**SANCHEZ FOR VIOLATION OF THE PLAINTIFF'S 14th**

**AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983**

**(DUE PROCESS & EQUAL PROTECTION)**

169.   Plaintiff re-alleges and restates paragraphs 1 through 168 as if fully set forth herein.

170.   At the time that Plaintiff had appeared in Bellflower courthouse department 006, before Judge Sanchez, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

171.   On August 8th of 2012, while acting under color of state law, Judge Sanchez committed an act, namely attempting to arraign Bikle with out the jurisdiction of the court being invoked by the filing of a criminal complaint by one who is authorized by law to initiate criminal prosecution, which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

172.   Judge Sanchez therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

173.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XX:  CLAIM OF PHILIP BIKLE AGAINST JUDGE DEBORAH SANCHEZ FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 (DUE PROCESS & EQUAL PROTECTION)**

174.    Plaintiff re-alleges and restates paragraphs 1 through 173 as if fully set forth herein.

175.    At the time that Plaintiff had appeared in Bellflower courthouse department 006, before Judge Sanchez, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of liberty without due process of law and to have equal protection of the laws. This right was a clearly established right during both incidents.

176.    On August 14th of 2012, while acting under color of state law, Judge Sanchez committed an act, namely attempting to arraign Bikle with out the jurisdiction of the court being invoked by the filing of a criminal complaint by one who is authorized by law to initiate criminal prosecution, which constituted a deprivation of Plaintiff's right to due process and a denial of equal protection of the law.

177.    Judge Sanchez therefore violated the clearly established Fourteenth Amendment rights of the plaintiff against deprivation of liberty without due process of law and denial of equal protection of the law.

178.    As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

1        (f) Insomnia and nightmares;

2        (g) Chronic headaches;

3        (h) Development of fears and phobias;

4

5 **COUNT XXI:**      **CLAIM OF PHILIP BIKLE AGAINST JUDGE DEBORAH**

6                 **SANCHEZ FOR VIOLATION OF THE PLAINTIFF'S 14th**

7                 **AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983**

8                 **(DUE PROCESS & EQUAL PROTECTION)**

9

10 179.   Plaintiff re-alleges and restates paragraphs 1 through 178 as if fully set forth herein.

11 180.   At the time that Plaintiff had appeared in Bellflower courthouse department 006, before

12       Judge Sanchez, Plaintiff had the Constitutional Rights, pursuant to the 14th Amendment

13       to the United States Constitution and 42 U.S.C. 1983, to be free from deprivation of

14       liberty without due process of law and to have equal protection of the laws. This right

15       was a clearly established right during both incidents.

16 181.   On August 21st of 2012, while acting under color of state law, Judge Sanchez committed

17       an act, namely attempting to arraign Bikle with out the jurisdiction of the court being

18       invoked by the filing of a criminal complaint by one who is authorized by law to initiate

19       criminal prosecution, which constituted a deprivation of Plaintiff's right to due process

20       and a denial of equal protection of the law.

21 182.   Judge Sanchez therefore violated the clearly established Fourteenth Amendment rights of

22       the plaintiff against deprivation of liberty without due process of law and denial of equal

23       protection of the law.

24 183.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and

25       damages:

26       (a) Physical pain and suffering, including but not limited to exacerbation of preexisting

27           conditions;

28       (b) Emotional pain and suffering, including but not limited to stress and anxiety;

      (c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

**COUNT XXII:       CLAIM OF PHILIP BIKLE AGAINST EACH DEFENDANT FOR VIOLATION OF THE PLAINTIFF'S 14th AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1985(3) (CONSPIRACY FOR THE PURPOSE OF DEPRIVING PERSONS OF RIGHTS AND PRIVILEGES)**

184.   Plaintiff re-alleges and restates paragraphs 1 through 183 as if fully set forth herein.

185.   The actions by the Defendants were systematic and foreseeable. The actions of the Defendants are part of an ongoing conspiracy to defraud persons who happen to get caught up in any alleged traffic related matter. The Defendants actions are part of a stream lined mechanism, which acts to facilitate the processing of as many persons as is possible, through what is portrayed as lawful process, but which is in reality fraudulent. The end result is that more money can be rapidly acquired as the rights of the persons who appear in court are thoroughly trampled. Plaintiff's numerous and repeated attempts, over the span of months, to defend his rights were trampled upon and ignored.

186.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering,including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

Complaint                                           34

1    (f) Insomnia and nightmares;

2    (g) Chronic headaches;

3    (h) Development of fears and phobias;

4

5

6    **COUNT XXIII:**          **CALIFORNIA TORT LAW. PLAINTIFF VS. INDIVIDUAL**

7                              **DEFENDANT'S AND THE SUPERIOR COURT OF THE STATE**

8                              **OF CALIFORNIA IN RESPONDENT.**

9

10   187.   Plaintiff re-alleges and restates paragraphs 1 through 186 as if fully set forth herein.

11   188.   An additional basis for liability and recovery of damages against defendants arise herein,

12          and is subject to the court's pendant jurisdiction, under California tort law; as a matter of

13          interference on the Defendant's part with plaintiff's enjoyment, defense, pursuit, and

14          obtaining of guaranteed rights (California Constitution Article 1 Section 1); as a matter of

15          deprivation of due process rights of Plaintiff (California Constitution Article 1 Section 7);

16          as against the individual Superior Court of the State of California employees and officers

17          and the Superior Court of the State of California as employer.

18   189.   Under California Government Code 815.2 and California common law, the Superior

19          Court of the State of California at Bellflower is liable in *respondeat superior* for the

20          numerous violations of due process and interference, by its employees and officers, with

21          Plaintiff's rights, as enumerated in the California Constitution. As such, the Superior

22          Court of the State of California at Bellflower and its employees and officers breached a

23          mandatory duty to refrain from committing said violations, as set out in the California

24          Constitution, Article 1, sections 1 and 7 and California common law.

25   190.   Plaintiff complied with the California Tort Claims Act, California Government Code

26          section 900 et seq., by timely submitting a tort claim for the offensive conduct herein

27          alleged under Count XXIII, which the Office of the Executive Officer/Clerk of the

28          Superior Court of California, County of Los Angeles rejected.

189.   At the time that each Defendant committed and/or omitted the aforementioned acts, Plaintiff had the California Constitutional Rights, pursuant to Article I Section I, to enjoying and defending his life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy. These rights were clearly established rights during all of the acts by the Defendants.

189.   In between October 24, 2011 to the present, while acting under color of state law, the Defendants engaged in actions, cited previously as facts and constituting each of the respective aforementioned Counts. Each of the Defendants respective Counts constitute flagrant interference with Plaintiff's California Constitutional Rights, pursuant to Article I Section I.

190.   As a direct result thereof, Plaintiff was caused to suffer the following injuries and damages:

(a) Physical pain and suffering, including but not limited to exacerbation of preexisting conditions;

(b) Emotional pain and suffering, including but not limited to stress and anxiety;

(c) A substantial loss of the enjoyment of life;

(d) humiliation;

(e) impairment of relationships;

(f) Insomnia and nightmares;

(g) Chronic headaches;

(h) Development of fears and phobias;

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands an injunction against the Defendant's to halt all systemic acts of denial of due process against members of the public in the County of Los Angeles at the Superior Court of California in Bellflower. In addition, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount to be determined by Jury, for violation of his United States Constitutional rights and his

California Constitutional rights;Plaintiff Bikle prays in addition for <u>punitive damages</u> in proper amounts found by the Jury against each of the individual defendants, in proportion to the egregiousness of their acts, who have been found to have participated in interference of the Plaintiff's rights; Plaintiff requests other and further relief as the court, or jurors, may deem reasonable and just under the circumstances; **Plaintiff demands Trial By Jury**.

Respectfully Submitted,

    DATED: June 11, 2013:

PHILIP CHRISTIAN BIKLE

Pro Per

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)<br><br>Philip Christian Bikle | **DEFENDANTS**  Does 1-9; Traffic supervisor "Martha";<br>Commissioner Michael Pearce;<br>Judge Deborah Sanchez;<br>Superior Court of the State of California at Bellflower |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Philip Christian Bikle<br>1616 South Varna Street, Anaheim, California 92804<br>(301) 802-9953 | Attorneys-(If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $**  To be determined by Jury

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 42 U.S.C. § 1983; US Const. Ams. 5, and 14

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   SACV13·00911  DOC  UA(JPR)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                               CIVIL COVER SHEET                               Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   June 11, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |